IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JULIA CHRISTINE DRINKALL, )
)
       Plaintiff, )
)
  -vs- ) Civil Action No. 18-67
)
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
       Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Julia Christine Drinkall ("Drinkall") seeks judicial review of the Social Security Administration's denial of her claims for a period of disability and for disability insurance benefits ("DIB").[1] Drinkall alleges a disability onset date of November 1, 2014. (R. 15) The ALJ denied her claim following a hearing at which both Drinkall and a vocational expert ("VE") appeared and testified. Drinkall then appealed. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 7 and 9. For the reasons set forth below, Drinkall's Motion for Summary Judgment is granted and this case is remanded for further consideration.

### Opinion

1. Standard of Review

---

[1] The ALJ determined that Drinkall met the insured status requirements of the Social Security Act through December 31, 2019. (R. 17)

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g)6 and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa.

1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. The ALJ's Decision

As stated above, the ALJ denied Drinkall's claim for benefits. More specifically, at step one of the five step analysis, the ALJ found that Drinkall had not engaged in substantial gainful activity since the application date. (R. 17) At step two, the ALJ concluded that Drinkall suffers from the following severe impairments: fibromyalgia; degenerative disc disease; degenerative joint disease of the right knee; migraine cephalgia; depression; and anxiety. (R. 17)[2] At step three, the ALJ concluded that Drinkall does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 17-19) Between steps three and four, the ALJ found that Drinkall has the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 19-24) At step four, the ALJ found that Drinkall is unable to perform her past relevant work. (R. 24) Ultimately, at the fifth step of the analysis, the ALJ concluded that, considering Drinkall's age, education, work experience, and RFC, there are jobs

---

[2] The ALJ concluded that other complaints, such as diarrhea, obesity, and somatic symptom disorder did not rise to the level of severe impairments. (R. 17)

3

that exist in significant numbers in the national economy that she can perform. (R. 24-25)

### III. Discussion

Although Drinkall raises several issues on appeal, I need only address one – the ALJ's treatment of the disability rating from the Department of Veterans' Affairs ("VA"). By letter dated June 27, 2015, the VA issued a summary of benefits letter indicating that it was paying Drinkall at the "100 percent rate because you are unemployable due to your service-connected disabilities." (R. 298) The letter further indicated that the VA viewed Drinkall "to be totally and permanently disabled due to your service-connected disabilities." (R. 298)

A decision rendered by the VA *is* relevant and should not be ignored. Indeed, the Third Circuit Court of Appeals has instructed that "a determination by another governmental agency is entitled to substantial weight." *Kane v. Heckler*, 776 F.2d 1130, 11135 (3d Cir. 1985). Of course, it is also well-established that a decision by another governmental agency that an individual is disabled is *not* binding on the ALJ. *See*, 20 C.F.R. §§ 404.1504, 416.904; *see also, Pratts v. Comm'r. of Soc. Sec.*, Civ. No. 13-2372, 2015 WL 5139148 at * 14 (D. N.J. Sept. 1, 2015); *Alston v. Astrue*, Civ. No. 10-839, 2011 WL 4737605, at * 5 (W.D. Pa. Oct. 5, 2011). In other words, "'[a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies are different but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ.'" *Malcom v. Barnhart*, 448 F. Supp.2d 595 (D. Del. 2006), *quoting, Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); 20 C.F.R. § 404.1521(b)(1)(v). Thus, an ALJ may give less weight to a VA

4

disability rating so long as the ALJ sets forth specific and valid reasons for doing so and that those reasons are supported by substantial evidence of record. *Chambliss*, 269 F.3d at 522 (stating that the ALJ must "adequately explain the valid reasons for not" giving great weight to a VA rating.).

Here, I find that the ALJ failed to articulate satisfactory reasons for rejecting the VA's determination. The sum total of the ALJ's analysis of the VA's decision consists of the following:

> Finally, I give little weight to the claimant's disability rating from the Department of Veteran's Affairs because it is issued pursuant to a different statute and set of governing regulations.

(R. 24) The ALJ rejected the VA determination solely on the differences between the standards for disability between the VA and the SSA.[3] There is no meaningful analysis of the facts. This constitutes reversible error. *See Pratts v. Comm'r. of Soc. Sec.*, Civ. No. 13-2372, 2015 WL 5139148, at * 15 (D. N.J. Sept. 1, 2015) and *Berkheimer v. Colvin*, Civ. No. 15-95, 2016 WL 5942243, at * 2 (W.D. Pa. Oct. 13, 2016). This lack of discussion prevents me from conducting a meaningful review. As a result, I find that the ALJ's conclusory basis for dismissing the VA's decision rating, without any analysis of the same, was error. Therefore, remand on this issue is warranted.

Given that I have determined that remand is required, I need not discuss the remaining issues as those analyses may change. An appropriate order shall follow.

---

[3] The Government urges that "the ALJ also explained how the objective testing, treatment history, and medical opinions demonstrated that Plaintiff was not disabled under SSA's definition of disability." *See* ECF Docket No. 10, p. 9 n. 1. Certainly, the ALJ did cite to evidence in support of his conclusion that Drinkall was not disabled within the meaning of the Act, but he did not base his decision to give the VA determination "little weight" based upon a conclusion that such a determination was at odds with other evidence of record. The Government's post hoc rationalization cannot support the ALJ's decision.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIA CHRISTINE DRINKALL, Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No. 18-67 |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, Defendant. | ) ) ) ) ) | |

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 11th day of March, 2019, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 7) is GRANTED to the extent that Plaintiff seeks a remand for further consideration. It is further ORDERED that the Defendant's Motion for Summary Judgment (Docket No. 9) is DENIED. This case is REMANDED to the Commissioner for further consideration consistent with the Opinion attached hereto.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge